IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:03-CR-356-H
No. 5:11-CV-263-H

| | |
|---|---|
| JAMES NOVIA FARRIOR,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)<br>)    **ORDER**<br>)<br>)<br>) |

In 2005, petitioner, James Novia Farrior, pled guilty to possession of a firearm after having been convicted of an offense "punishable by a term of imprisonment exceeding one year" and was sentenced to 179 months' imprisonment. Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner argues he is actually innocent of the offense because he has not previously been convicted of an offense "punishable by a term of imprisonment exceeding one year" under North Carolina law. Specifically, defendant contends that Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010) requires the court to determine the maximum sentence he (as opposed to a hypothetical defendant) could have received in determining whether he has previously been convicted of an offense "punishable by a term of imprisonment exceeding one year."

On August 9, 2011, the government moved to dismiss petitioner's motion, arguing that his claim (1) is procedurally

defaulted; and (2) is foreclosed by the Fourth Circuit's decision in United States v. Harp, 406 F.3d 242 (2005) (holding that the maximum aggravated sentence that could be imposed upon a defendant with the worst possible criminal history is used to determine whether a conviction is for a crime punishable by a prison term exceeding one year under North Carolina law), overruled by United States v. Simmons, No. 08-4475, slip. op. at 15-17 (4th Cir. Aug. 17, 2011) (en banc). Approximately one week after the government filed its motion to dismiss, the Fourth Circuit issued an en banc decision overruling Harp. See United States v. Simmons, No. 08-4475, slip. op. at 15-17 (4th Cir. Aug. 17, 2011) (en banc).

To assist the court in its decisional process, the court hereby directs the government to file, on or before September 28, 2011, a supplemental memorandum informing the court of its position in light of the Fourth Circuit's recent en banc decision in Simmons. Defendant may provide a written response to the government's filing on or before October 14, 2011. The clerk is directed to serve a copy of this order upon petitioner, respondent, and petitioner's trial counsel.

This 7th day of September 2011.

/s/ Malcolm J. Howard
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31

2